## THE BALTIMORE AND ANNAPOLIS RAILROAD COMPANY *v.* THE BALTIMORE MOTOR COACH COMPANY

[No. 106, September Term, 1958.]

*Decided January 20, 1959.*

The cause was argued before BRUNE, C. J., and HENDER-SON, HAMMOND, PRESCOTT and HORNEY, JJ.

*Joseph I. Huesman,* for appellant.

*John C. Griffin, Special Counsel,* with whom was *Stanley Scherr, General Counsel,* on the brief, for appellee, Public Service Commission of Maryland.

*Edward Pierson* for appellee, The Baltimore Motor Coach Company.

HAMMOND, J., delivered the opinion of the Court.

On October 10, 1957, The Baltimore and Annapolis Railroad Co., a Maryland corporation, operating as a common carrier of persons by motor bus for hire between fixed termini within the State of Maryland, two of which were Baltimore and Annapolis, asked the Public Service Commission to order The Baltimore Motor Coach Company, a similar

corporation, not to transport the brigade of midshipmen from Annapolis to Baltimore and back to Annapolis, in connection with football games on October 26, November 9, November 16, and November 30, 1957, as it had contracted to do, for the reason that the Coach Company did not hold a permit authorizing it to transport persons on regular schedules between the fixed termini of Annapolis and Baltimore and Baltimore and Annapolis. The Railroad Company relied on two sections of Code, 1957, one of which, Art. 78, Sec. 32 (a), forbids transportation of persons for hire "on regular schedules and between fixed termini" without a permit from the Public Service Commission; and the other of which, Art. 66½, Sec. 2 (a) (42), provides: " 'Regular schedule' shall be given a liberal construction and shall include the carriage of * * * passengers of at least one single trip per week for four consecutive weeks, or three single trips within a period of ten days * * *."

The Baltimore Motor Coach Company, in its answer, admitted that the transportation was proposed but said that it was a charter operation not subject to the jurisdiction of the Commission and not in violation of the provisions of Art. 78. A hearing was held on October 16, 1957, at which witnesses were produced for both sides, and argument heard. On October 17, 1957, the Commission filed its opinion and order, dismissing the complaint and denying the relief sought by The Baltimore and Annapolis Railroad Co.

Almost two months later, on December 10, 1957, and more than a week after the last trip complained of had taken place, the Railroad Company filed in the Circuit Court of Baltimore City a petition for review of the order of the Public Service Commission. After a hearing, the Circuit Court, on April 7, 1958, affirmed the order of the Commission and dismissed the petition for review. The Railroad Company appeals.

The Public Service Commission has moved to dismiss the appeal on the ground that the case is moot, and we think the motion must be granted. The action which the Railroad Company sought to prevent took place and was fully accomplished over a year ago, in fact, before there was an appeal to the Circuit Court. What we said and held in *Lloyd v. Super-*

*visors of Elections,* 206 Md. 36, 39, 43, controls the appeal at bar: "The chronology of the case makes it apparent that nothing this Court could do, by reversal or otherwise, could undo or remedy that which has already occurred. It is beyond our power to make a decision in the case which will bind any of the parties to it or accomplish any of the purposes for which it was brought or defended. The case was moot as to the parties when it reached us. Appellate courts do not sit to give opinions on abstract propositions or moot questions, and appeals which present nothing else for decision are dismissed as a matter of course." The appellant urges us to decide the matter because the same operations took place in 1958 and may take place again, and because, in their eyes, the matter is of public interest and concern. What was said in the *Lloyd* case, in answer to a similar argument, again is pertinent here: "The matter may be said to be of general public interest only in the sense that any statute is, which involves the whole state. Moreover, it does not seem likely that it will recur with any frequency, and if it does again present itself, there need be no difficulty in having it passed upon by this Court as a live issue." [1]  See also *Price v. Cohen,* 206 Md. 45.

Code, 1957, Art. 78, Sec. 93 (b), provides that every proceeding before the trial courts coming from the Public Service Commission "shall be preferred over all other civil causes except election causes in all the courts of this State, irrespective of their position on the dockets * * *." Where there has been a necessity to do so, this Court has decided appeals within a few days of the judgment or decree appealed from. We have no doubt that an appeal from the Public Service Commission in a situation such as confronted the Railroad Company, if promptly initiated and vigorously prosecuted,

---

1. We were told at the argument that only one game is scheduled in Baltimore in 1959 and that the new Naval Academy stadium in Annapolis and poor attendance in Baltimore may, in the future, eliminate all Naval Academy football team appearances in Baltimore.

could be heard and decided in the trial court and this Court before the case becomes moot.

*Appeal dismissed, costs to be paid by appellant.*

